I dissent relative to the majority's treatment of appellant's third assignment of error. I otherwise concur in the majority opinion.
Appellant contends that the trial court erred in its finding that he is a sexual predator. The state argues there was sufficient evidence to warrant such a finding. The court did specifically state that factors enumerated in R.C. 2950.`09 were considered in making its determination; however, the record does not reveal with any specificity, the evidence relied upon by the trial court in making its decision. R.C.2950.01(E) states:
 " 'Sexual Predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
While appellant committed an offense which could give rise to a sexual predator classification, the state must establish by clear and convincing evidence that the defendant is likely to reoffend. The only evidence before the trial court was contra the contention that defendant was likely to reoffend and it appears the trial court used the wrong standard in making its determination. While it can be said that all sexual offenders are a risk to reoffend, it is incumbent upon the state to show, by evidence, that an offender is likely to reoffend. In my opinion, the evidence does not support the conclusion made by the trial court that defendant is likely to reoffend. I would therefore sustain appellant's third assignment of error. In all other respects, I concur in the majority opinion.